UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ARTHUR ROY, JR. and DEBRA ROY,    :
    :
    Plaintiffs,    :
    :
    v.    :    File No. 1:13-CV-32
    :
TOWN OF BARNET, LISA BOWDEN,    :
as Tax Collector for the Town of Barnet,    :
WILLIAM GRAVES, as Chairman of the    :
Board of Tax Abatement for the Town of    :
Barnet, and GARY BUNNELL, as    :
Selectman of the Town of Barnet,    :
    :
    Defendants.    :
_____    :

RULING ON DEFENDANTS' MOTION TO DISMISS
(Doc. 8)

I.    <u>Introduction</u>

    Plaintiffs Arthur Roy, Jr. and Debra Roy filed suit against the Town of Barnet, Lisa Bowden,

Tax Collector for the Town of Barnet, William Graves, Chairman of the Board of Tax Abatement

for the Town, and Gary Bunnell, Selectman of the Town (collectively, "Defendants") alleging all

Defendants acted unlawfully.  (Doc. 4 ("Compl.").)  The case originated in state court and was

removed by the Defendants shortly after it was filed because the complaint includes claims for

violations of the Federal Civil Rights Act, 42 U.S.C. § 1983.  (Doc. 1.)  <u>See</u> 28 U.S.C. § 1441(b).

Plaintiffs claim four causes of action arising out of a tax abatement board proceeding and a tax sale

of real property.  Bowden, Graves, and Bunnell (collectively, "Individual Defendants") move to

dismiss arguing under Vermont law the proper defendant is the Town itself.  Defendants also move

for dismissal on the ground Plaintiffs have failed to state a claim under Federal Rule of Civil

Procedure 12(b)(6).  (Doc. 8.)  Plaintiffs oppose the motion (Doc. 9) and Defendants did not file a

reply.  For the following reasons, Defendants' motion is granted in part and denied in part.

II.    <u>Background</u>

The following facts are assumed to be true for purposes of the pending motion and are gleaned from the complaint.  Plaintiffs Arthur and Debra Roy reside and own multiple parcels of land in the Town of Barnet.  In September 2009, Lisa Bowden, the Town of Barnet tax collector, entered Plaintiffs' home uninvited and demanded immediate payment of delinquent taxes.  Again in October 2009, Bowden entered Plaintiffs' house uninvited with a payment plan for Plaintiffs.  By October 2010, Plaintiffs owed property taxes, with penalties and interest, of over $94,000.00 for tax years 2007, 2008, and 2009.

In March 2011[1], Bowden again entered Plaintiffs' home uninvited demanding payment. Arthur Roy responded he wanted her to sell the "Lackie Place" to pay the tax bill, a property Plaintiffs owned in Barnet which had been subdivided and listed for sale.  Bowden responded the Town of Barnet would sell the tax parcel for which the taxes were delinquent.  Plaintiffs allege the delinquent tax was due for Tax Parcel ID 0021-21-05.01, a parcel assessed at $690,000 in 2007, $1,300,600 in 2008, 2009, and 2010, and $993,700 in 2011.  This tax parcel consisted of 13.45 acres of lake front property.  The lakefront property and an additional 168 acres of farmland were one undivided property that abutted another property Plaintiffs owned.  The 168 acres of farm land were taxed with the abutting property under a Tax Parcel ID separate from the lakefront acreage.  The entire property -- the 13.45 lakefront acres for which the tax was delinquent and the 168 farmland acres for which the taxes were paid under a separate Tax ID -- was noticed for tax sale.

---

[1] This may be a typographical error and should read March 2010 as the tax sale of the property occurred in November 2010.  Compl. ¶ 18.

On October 30, 2010, the Town of Barnet Board of Abatement held a hearing, including a deliberative session, on Plaintiffs' tax accounts and property taxes due. The Board reconvened on November 4, 2010, and two members, including Town Selectman Gary Bunnell, who did not attend the first session, attempted to participate but were excluded because they did not attend the first session. Before the Board of Abatement rendered a decision, William Graves, Chair of the Board of Abatement, discussed Plaintiffs' abatement request with Bunnell. Plaintiffs allege this conversation changed Graves' position regarding the abatement and resulted in the denial of the request. Plaintiffs further allege they offered to pay over $16,000 to pay their 2007 tax debt, to prevent them from being three years in arrears. Bowden refused and again offered to sell another piece of property to cover the delinquent taxes.

On November 15, 2010, Bowden sold the lakefront acreage of Tax Parcel ID 0021-21-05.01, together with the 168 farmland acres, for $300,000. Plaintiffs allege the entire property was valued at $2,000,000. The tax sale of the property resulted in Plaintiffs filing for bankruptcy, which was granted on January 26, 2012.

Plaintiffs allege four counts in their complaint, each brought under 42 U.S.C. § 1983. Count 1 against William Graves and Gary Bunnell, in their official capacities, alleges the communication between Graves and Bunnell was ex parte and deprived Plaintiffs of due process under the Vermont and United States Constitutions. Count 2 against the Town of Barnet and Lisa Bowden, in her official capacity, alleges the sale of property at a tax sale that was not part of the Tax Parcel ID violates the proportional taxation clause of the Vermont Constitution and deprived Plaintiffs of due process under the Vermont and United States Constitutions. Count 3 against Lisa Bowden, in her official capacity, alleges Bowden's uninvited entrances into Plaintiffs' home constituted illegal searches and trespass in violation of the Vermont and United States Constitutions.

Count 4 against the Town of Barnet alleges negligent supervision of Lisa Bowden and the tax collection process in violation of Plaintiffs' constitutional rights.

III.    Discussion

    A.    Legal Standard

A motion to dismiss tests the legal rather than the factual sufficiency of a complaint. See, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000). The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts the facts alleged in the pleading as true, draws all reasonable inferences in favor of the pleader, and dismisses only "if the facts as alleged are insufficient to raise a right to relief above the speculative level." Price v. N.Y. State Bd. of Elections, 540 F.3d 101, 107 (2d Cir. 2008) (citation and internal quotation marks omitted). A complaint must state a plausible -- not just possible -- claim for relief to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Determining whether a complaint survives a motion to dismiss requires the court to make a "context-specific" analysis and "draw on its judicial experience and common sense." Id. at 1950 (internal citations omitted).

    B.    State Law Claims Against Individual Defendants

The Individual Defendants argue because they are municipal officers sued in their official capacities, section 901(a) of title 24 of the Vermont Statutes protects them from suit on Plaintiffs' state law claims. Plaintiffs allege claims against the Individual Defendants in Counts 1, 2 and 3 of their complaint. (Compl. ¶¶ 25-37.) Section 901(a), titled "Actions by or against town officials," provides "[w]here an action is given [against] any appointed or elected municipal officer . . . it shall be brought against such town." Vt. Stat. Ann. tit. 24, § 901(a). This is "consistent with the fact that a § 1983 suit against a municipal officer in his official capacity is treated as an action against the

4

municipality itself." <u>Coon v. Town of Springfield</u>, 404 F.3d 683, 687 (2d Cir. 2005) (citation omitted).

Plaintiffs have not specifically opposed the Individual Defendants section 901 argument and agree their claims against the Individual Defendants are in their official capacities: "All counts name the officers in their official capacities and as such the municipality for which they acted in this case the Town of Barnet is the legally responsible entity for their actions." (Doc. 9 at 2.) As the complaint states only claims against the Individual Defendants in their official capacities, Plaintiffs' state law claims are properly brought against the Town of Barnet under section 901(a). Accordingly, the state law and § 1983 claims against defendants Lisa Bowden, William Graves, and Gary Bunnell in their official capacities are dismissed; the claims are treated as against the Town of Barnet.

C.     <u>Section 1983 Claims</u>

Section 1983 is not a source of substantive rights; it "merely provides a mechanism of enforcing individual rights 'secured' elsewhere," such as the Constitution or federal statutes. <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284 (2002). A claim alleged under 42 U.S.C. § 1983 requires a plaintiff to show (1) he has been deprived of a right secured by an appropriate federal law and (2) the defendant was acting "under color of" state law in depriving him of this right. 42 U.S.C. § 1983. Plaintiffs allege -- and defendants do not dispute -- all defendants were acting under color of state law. The question presented, therefore, is whether defendants' conduct deprived Plaintiffs of the rights they assert under the Fourth and Fourteenth Amendments.

1.     <u>Due Process</u>

Plaintiffs allege violations of their due process rights in connection with the tax abatement hearing and tax sale. (Compl. ¶¶ 25-34.) The Fourteenth Amendment of the U.S. Constitution provides no state shall deprive any person of life, liberty, or property without due process of law.

U.S. Const. amend XIV, § 1.  The Due Process Clause guarantees only that a constitutionally protected interest will not be infringed without due process of law.  See Rivera-Powell v. N.Y. City Bd. of Elections, 470 F.3d 458, 464-65 (2d Cir. 2006).  A federal claim based on the Fourteenth Amendment, as implemented by 42 U.S.C. § 1983, requires the existence of a federally protectable property right and the denial of that right in the absence of either procedural or substantive due process.  Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999).  The Court undertakes a two-part inquiry:  (1) whether plaintiffs were deprived of a protected interest, and (2) if so, what process was due.  Logan v. Zimmerman Brush Co., 455 U.S. 422, 429 (1982).  Accordingly, the Court must first determine whether Plaintiffs have been deprived of a protected property interest. Natale, 170 F.3d at 263 ("the existence of a federally protectable property right is an issue of law for the court").

### A.   Count 1

Constitutionally protected property rights are determined by reference to "an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).  While the underlying substantive interest is created by state law, federal constitutional law determines whether the interest rises to the level of a "legitimate claim of entitlement" protected by the Due Process Clause; a mere "unilateral expectation" of receiving a benefit is insufficient.  Id.  If a statute "meaningfully channels official discretion by mandating a defined administrative outcome," a property interest will be found to exist.  Sealed v. Sealed, 332 F.3d 51, 55 (2d Cir. 2003).

The property interest identified by Plaintiffs -- "the right to maintain title to real estate in [their] names," (Compl. ¶ 27) -- is not germane to the interest at issue in a property tax abatement

application.  Unlike other statutory frameworks that have been found to create property interests,[2] the Vermont state law governing property tax abatement "is 'entirely permissive,' and abatement is not required even if a taxpayer falls within one of the categories allowed for abatement."  Murray v. City of Burlington, 44 A.3d 162, 166 (Vt. 2012).  See Vt. Stat. Ann. tit. 24, § 1535(a) ("The board may abate in whole or part taxes" (emphasis added)).  Plaintiffs cannot show a legitimate claim of entitlement to a tax abatement because the tax abatement board had discretion and therefore no property interest exists.  In the absence of a protected property interest, the Court need not determine what process plaintiffs were due before they could be deprived of that interest.  Accordingly, Plaintiffs due process claim in Count 1 is dismissed.

B.     Count 2

In Count 2, Plaintiffs allege the "selling of a portion of parcel of property at tax sale that has nothing to do with the actual property tax accessed [sic] against the property without the permission of the property owner as indicated on the face of warrant" and the tax collector's refusal to sell a separate piece of property to satisfy their tax debt were violations of Plaintiffs' procedural due process rights.  Compl. ¶¶ 32-33.  They also allege the "cross-taxation and assessment of taxes from one parcel of land to another . . . is in violation of Vermont's proportional taxation clause."  Id. ¶ 31.  Defendants argue Count 2 fails to state a claim because Plaintiffs' request that a separate piece of property be sold was beyond the statutory authority of the tax collector and Plaintiffs did not comply with the statutory framework providing for less than the whole of a property to be sold at tax sale.  (Doc. 8 at 9-12.)

---

[2] See, e.g., Kapps v. Wing, 404 F.3d 105, 114 (2d Cir. 2005) (finding New York state law sets fixed eligibility criteria for the receipt of HEAP benefits); Basciano v. Herkimer, 605 F.2d 605, 609 (2d Cir. 1978) (finding New York City's administrative code created property interest in accidental disability retirement benefits because applicants fulfilling eligibility criteria were entitled to an award of benefits).

The Tax Injunction Act (TIA) provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such States." 28 U.S.C. § 1341. The TIA "prevents federal courts from giving injunctive relief or declaratory relief."[3] Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989). Plaintiffs do not seek declaratory or injunctive relief. See Compl. The principle of comity, however, prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court. Long Island Lighting, 889 F.2d at 431 A district court's dismissal of an action based on comity is reviewed for abuse of discretion. See Joseph v. Hyman, 659 F.3d 215, 218 n.1 (2d Cir. 2011). Comity "counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." Levin v. Commerce Energy, Inc., 130 S. Ct. 2323, 2330 (2010). The principle of comity "is more embracive than the TIA." Id. at 2332. Comity can preclude the exercise of federal court jurisdiction over tax matters the TIA does not reach as the TIA is "a partial codification of the federal reluctance to interfere with state taxation." See id. at 2331.

Plaintiffs seek damages of over $1 million under § 1983 in connection with "cross-taxation and assessment of taxes" and the tax sale to satisfy the tax debt owed. Available Vermont remedies provide an adequate means for litigating Plaintiffs' claims in a state forum. A taxpayer may dispute the validity of some part or all of a tax. Vt. Stat. Ann. tit 32, § 5291. A taxpayer may request that a portion of the property be sold. Vt. Stat. Ann. tit. 32, § 5254(b). Additionally, a § 1983 claim may be brought in state court and such a suit in state court is a "plain, adequate, and complete" remedy.

---

[3] The Second Circuit has held "the TIA does not deprive the district courts of jurisdiction to determine the constitutionality of the notice provided to . . . taxpayers" regarding a pending foreclosure, Luessenhop v. Clinton County, New York, 466 F.3d 259, 272 (2d Cir. 2006), but here, Plaintiffs do not challenge the notice.

Bernard v. Vill. of Spring Valley, 30 F.3d 294, 297 (2d Cir. 1994).  The Court finds that Plaintiffs'

claim can adequately be addressed in state court -- where Plaintiffs initially filed this action.

Accordingly, Plaintiffs' claim challenging the method of collection of taxes due on their property

falls squarely within the principle of comity and the Court, in its discretion, declines to assert

jurisdiction over Count 2.

2.     Fourth Amendment

Plaintiffs also assert a claim for unreasonable warrantless search under the Fourth

Amendment.  Compl. ¶¶ 35-37.  The Fourth Amendment protects individuals in their homes

"against unreasonable searches and seizures."  U.S. Const. amend. IV.  A search inside a home

without a warrant or proper consent is presumptively unreasonable.  Payton v. New York,

445 U.S. 573, 586 (1980); Camara v. Mun. Court of San Francisco, 387 U.S. 523, 528-29 (1965);

United States v. Elliot, 50 F.3d 180, 185 (2d Cir. 1995) ("A warrantless search is per se unreasonable

. . . subject only to a few specifically established and well-delineated exceptions." (citation omitted)).

"To the Fourth Amendment rule ordinarily prohibiting the warrantless entry of a person's house as

unreasonable per se, one jealously and carefully drawn exception recognizes the validity of searches

with the voluntary consent of an individual possessing authority."  Georgia v. Randolph, 547 U.S.

103, 109 (2006).

Plaintiffs allege Bowden, the Town of Barnet tax collector, entered their home on three

separate occasions uninvited and without permission.  See Compl. ¶¶ 10-12, 35.  Those alleged

entries into the home, without consent and without a warrant, are sufficient to state a claim for a

Fourth Amendment violation.  Whether any of the entries was unreasonable is not appropriately

considered at this stage.  "An action is 'reasonable' under the Fourth Amendment, regardless of the

individual officer's state of mind, as long as the circumstances, viewed objectively, justify [the]

action." United States v. Klump, 536 F.3d 113, 118-19 (2d Cir. 2008) (internal citations and

quotation marks omitted).  What, if any, damages Plaintiffs may recover is a question of fact to be

determined once Plaintiffs prove a Fourth Amendment violation occurred.  See Townes v. City of

N.Y., 176 F.3d 138, 148 (2d Cir. 1999).

Defendants' argument that Plaintiffs had not posted their property against trespassing and

discussion of a case involving the entry onto land outside the curtilage of a dwelling, see Doc. 8 at

12-13, are unavailing where the alleged entries are into the home, the heart of Fourth Amendment

protection.

3.     Negligent Supervision

Lastly, Plaintiffs assert a claim against the Town of Barnet for negligent supervision of

Bowden, the town tax collector, and the "tax collection process as a whole."  Compl. ¶¶ 38-40.

They allege the town "thru [sic] its town officers acted recklessly, and/or negligently with a disregard

for plaintiffs' clearly established constitutional rights," Compl. ¶ 39, and "did nothing to restrain its

officers, failed to read materials from the state and disregard [sic] the concerns of Steve Alder, Esq.

an attorney himself on the Board of Abatement," Compl. ¶ 40.

Local governments are not immune from suit under § 1983 and may be sued under the

statute, however, "Congress did not intend municipalities to be held liable unless action pursuant to

official municipal policy of some nature caused a constitutional tort."  Monell v. Dep't of Social

Servs., 436 U.S. 658, 690-91 (1978).  In other words, a municipality will not be held liable under a

theory of respondeat superior.  Id. at 691.  Simply alleging conduct attributable to the municipality is

also not sufficient; a "plaintiff must also demonstrate that, through its deliberate conduct, the

municipality was the 'moving force' behind the injury alleged."  Bd. of County Comm'rs of Bryan

County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).  A "direct causal link between the municipal action and the deprivation of federal rights" is required.  Id.

Here, Plaintiffs have made no allegation of a town policy or custom regarding the tax sale process that resulted in the alleged harm to Plaintiffs.  Because the town itself cannot read or listen, without a town policy or custom, the town cannot be held vicariously liable for town officers' failure to read materials or heed advice.  Further, Plaintiffs cannot hold the town responsible for the acts of Bowden in the absence of a town policy or custom regarding a tax collector's entry into homes.  None of the facts alleged imply a custom, policy, or deliberate conduct on the part of the Town impacting Plaintiffs' constitutional rights.  Accordingly, Plaintiffs' § 1983 claim asserted in Count 4 is dismissed.

IV.    Conclusion

For the reasons set forth above, the Individual Defendants' motion to dismiss defendants Lisa Bowden, William Graves, and Gary Bunnell in their official capacities from the action is GRANTED.  The Town's motion to dismiss all counts is GRANTED in part and DENIED in part:  The due process claim of Count 1 is dismissed because Plaintiffs have no property interest in a tax abatement; the Court declines to exercise jurisdiction over Count 2 on the basis of comity; and the § 1983 claim asserted in Count 4 is dismissed because Plaintiffs have not alleged an official municipal policy that caused a constitutional tort.  Count 3, however, is sufficient to state a claim for a Fourth Amendment violation.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of June, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge